## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Millers Capital Insurance Company<br>a/s/o Karajoel, LLC<br>3815 TecPort Drive, Suite 200<br>Harrisburg, PA 17111<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Holistic Remedies, LLC<br>SERVE: Josh Genderson<br>308 Massachusetts Avenue, N.E.<br>Washington, DC 20002<br><br>　　　　　　　Defendant. | Civil Case No.:_____ |

## **COMPLAINT**

COMES NOW the Plaintiff, Millers Capital Insurance Company as subrogee of Karajoel, LLC, by and through undersigned counsel and brings this civil action against Defendant Holistic Remedies, LLC, and for its cause(s) of action states as follows:

## **PARTIES**

1. Plaintiff, Millers Capital Insurance Company a/s/o Karajoel, LLC, is a corporation which issues policies of insurance in Washington, DC with offices at the above stated address.

2. At all times relevant hereto, Karajoel, LLC (hereinafter referred to as "Plaintiff's insured") was the owner of real property located at 1832-1840 Fenwick Street, NE, Washington, DC 20002 (hereinafter referred to as the "premises") and was insured by Plaintiff.

1

3. Defendant Holistic Remedies, LLC ("Holistic Remedies") is a company incorporated in Washington, DC, with its headquarters located at the above stated address, and regularly and systematically conducts business in Washington, DC.

4. At all times relevant hereto, Defendant Holistic Remedies acted by and through their officers, directors, workers, contractors, employees, predecessors, successors, principals, subsidiaries, divisions, parent companies, sister companies, licensees, licensors, franchisees, franchisors, sales force, and/or other agents and are therefore liable under the doctrines of successor liability, respondeat superior, vicarious liability and/or agency law.

5. At all times relevant hereto, Defendant Holistic Remedies has been doing business in the District of Columbia.

## JURISDICTION AND VENUE

6. This action is commenced in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000.00.

7. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of this action is situated in this district.

## GENERAL ALLEGATIONS

8. On or about January 5, 2019, Plaintiff insured the real property of its insured under policies of insurance that included coverage for damages sustained as a result of a fire incident (hereinafter referred to as "the fire"), which occurred on January 5, 2019.

9. On or about January 5, 2019, Defendant Holistic Remedies was a tenant at the premises and utilized the space as a commercial medical marijuana growing facility.

10. On or about January 5, 2019, an ActiveAqua AAPW400 submersible pump (hereinafter referred to as the "subject product") was placed in a mixing tank by Defendant Holistic Remedies when it failed and overheated, resulting in a fire.

11. As a result of said fire, Plaintiff's insured made a claim with Plaintiff and was paid $988,044.22 for the damages sustained.

12. Pursuant to the relevant policy of insurance and the payments made, Plaintiff became subrogated to the claims its insured has against Defendant and any other parties responsible for said damages.

## COUNT I
### *(Negligence)*

### **PLAINTIFF v. DEFENDANT HOLISTIC REMEDIES, LLC**

13. Plaintiff hereby incorporates by reference all facts and allegations in the paragraphs above, as if here restated in their entirety.

14. At all times relevant hereto, Defendant occupied, possessed, and/or controlled the premises and had a duty and responsibility to use and maintain said premises in a safe manner, consistent with the lease agreement.

15. The aforesaid fire incident was caused by, *inter alia*, the negligence, gross negligence, recklessness and carelessness of Defendant, in each of the following ways:

    a. Failing to use due care to take precautions against fire;

    b. Failing to exercise reasonable care in the inspection, use, and maintenance of the premises;

    c. Failing to ensure that all equipment within the premises was used in a safe and proper manner;

    d.    Failing to properly monitor the amount, quantity and levels of the liquid mixture inside the tank during the operation of the submersible pump;

    e.    Permitting or conducting activity within the premises which was reasonably likely to cause fire and result in damages to Plaintiff's insured;

    f.    Failing to adequately inspect and correct potential fire hazards;

    g.    Failing to use due care in hiring, training and/or supervising its employees and/or agents;

    h.    Res ipsa loquitur; and

    i.    Being otherwise negligent as discovery may reveal.

16. As a result of Defendant's negligence, gross negligence, recklessness and carelessness, Plaintiff's insured sustained damages to their property.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant Holistic Remedies, LLC in the amount of $988,044.22, plus interest, attorney's fees, costs and such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues triable of right to a jury.

Respectfully submitted,

David M. Kopstein (#292995)
KOPSTEIN & ASSOCIATES, LLC
4300 Forbes Boulevard, Suite 210
Lanham, MD 20706
(301) 552-3330 phone
(301) 552-2170 fax
dkopstein@cox.net
*Attorney for Plaintiff*

4